## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 400 WALNUT ASSOCIATES, L.P., | ) | Case No. 10-16094 SR |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Related to Docket No. 5 |

### FOURTH INTERIM ORDER (A) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION, (C) SCHEDULING A FURTHER HEARING AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtor (the "Debtor") for the entry of an order (this "Interim Order") (a) authorizing the Debtor's use of Cash Collateral, (b) granting certain adequate protection, and (c) scheduling a further hearing; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Debtor having commenced the chapter 11 case on July 23, 2010 (the "Petition Date"); the Debtor being in the management and operation of its business as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code and no trustee or examiner having been appointed in the chapter 11 case and no committee of unsecured creditors having been formed as of the date hereof; and upon consideration of the evidence submitted or induced and the arguments made by counsel at the hearings held on the Motion(collectively, the "Interim Hearings"); notice of the Motion and the Interim Hearings having been adequate and appropriate under the circumstances and in accordance with Bankruptcy Rules 2002, 4001(b), (c)

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and (d), and 9014; and the Interim Hearings having been held pursuant to Bankruptcy Rule

4001(b)(2) and concluded; and all objections, if any, to the interim relief requested in the Motion

having been withdrawn, resolved or overruled by the Court; and it appearing to the Court that

granting the interim relief requested is necessary to avoid immediate and irreparable harm to the

Debtor and its estate pending a further hearing on the Motion, and otherwise is fair and

reasonable and in the best interests of the Debtor, its estate, and its creditors and equity holders,

and is essential for the continued operation of the Debtor's business; after due deliberation and

sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is granted as set forth herein on an interim basis.

2.      A further hearing on the Motion shall be held on December 9, 2010 at 10:30 a.m.

prevailing Eastern Time **before the Honorable Stephen Raslavich, Chief United States**

**Bankruptcy Judge, in Courtroom No. 4, Robert N.C. Nix Sr. Federal Building, 900 Market**

**Street, Philadelphia, PA 19107.** Any objections or responses to entry of a further order

approving the Motion shall be filed on December 2, 2010 and served on the following parties:

(a) the Debtor, (b) the Office of the United States Trustee; (c) the Lender; (d) the Debtor's

twenty largest unsecured creditors; and (e) all entities that have filed a request for service of

filings in the chapter 11 case pursuant to Bankruptcy Rule 2002.

3.      All objections to the Motion being granted on an interim basis to the extent not

withdrawn or resolved are hereby overruled.

4.      Notice of the Interim Hearings and the relief requested in the Motion has been

provided by the Debtor, whether by facsimile, email, overnight courier or hand delivery, to

certain parties in interest, including: (i) the Office of the United States Trustee; (ii) the parties

included on the Debtor's list of twenty (20) largest unsecured creditors; and (iii) counsel to the

Lender. The parties have made reasonable efforts to afford the best notice possible under the

2

circumstances to permit the interim relief set forth in this Interim Order, and no other or further

notice is or shall be required.

5.     Subject to the terms and conditions of this Interim Order including the reservation

of rights in paragraph 10 below, and in accordance with the Budget, attached hereto as <u>Exhibit 1</u>

(the "<u>Budget</u>"), the Debtor is authorized to use cash collateral as that term is defined in section

363(a) of the Bankruptcy Code ("<u>Cash Collateral</u>") for expenditures incurred during the period

from November 1, 2010 through December 31, 2010 solely in the amounts and solely for the

purposes set forth in the Budget.

6.     As adequate protection of the interests of the Lender against diminution in value

of its interests in the Property and Cash Collateral, pursuant to sections 361 and 363(e) of the

Bankruptcy Code, the Debtor is authorized to, grant, and upon entry of this Interim Order shall

be deemed to have granted to the Lender replacement continuing valid, binding, enforceable,

non-avoidable, and automatically perfected postpetition security interests in and liens (in the

same priority as its pre-petition security interests and liens in and on the assets of the Debtor) on

any and all presently owned and hereafter acquired  assets and all proceeds thereof to the extent

that Lender maintained liens on such assets prior to the Petition Date (the "<u>Adequate Protection</u>

<u>Liens</u>"); provided, however, that the Adequate Protection Liens shall be limited to the extent that

the Debtor uses Cash Collateral and to the extent that the value of the Lender's pre-petition

collateral including Cash Collateral diminishes as a result thereof.

7.     As further adequate protection of the interests of the Lender against diminution in

value of its interests in the Property and Cash Collateral, pursuant to sections 361 and 363(e) of

the Bankruptcy Code, upon entry of this Interim Cash Collateral Order, the Debtor shall pay to

Lender:

3

a.    on or before December 8, 2010 all net income of the Debtor for the period from November 1, 2010 through November 30, 2010, less the amount of $2,500 which shall be retained by the Debtor for any contingency expenditure and such payment to Lender shall be a minimum of $13,500; and

b.    on or before January 10, 2011 all net income of the Debtor for the period from December 1, 2010 through December 31, 2010, less the amount of $2,500 which shall be retained by the Debtor for any contingency expenditure and such payment to Lender shall be a minimum of $13,500.

8.    This Interim Order shall be sufficient and conclusive evidence of the granting, attachment, validity, perfection, and priority of the Adequate Protection Liens without the necessity of obtaining, filing or recording any financing statement, mortgage, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect (in accordance with applicable non-bankruptcy law) the Adequate Protection Liens, or to entitle the Lender to the priorities granted herein.

9.    Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

10.    Nothing in the Motion or this Interim Order is to be construed as a concession or admission of any party with respect to whether the Cash Collateral (including the rents received from the Property) is property of the Debtor's estate under section 541 of the Bankruptcy Code or otherwise. The Lender reserves all rights to dispute whether the Cash Collateral (including the rents received from the Property) is property of the Debtor under section 541 of the Bankruptcy Code or otherwise and the Debtor reserves all rights to contest such assertions. Nothing in the Motion or this Interim Order is to be construed as a concession or admission of any party with respect to the Lender's prepetition liens, and shall not be construed as to prejudice

4

any party's rights to challenge or support the validity, extent or priority of such prepetition liens. The Debtor reserves all rights to dispute whether the Adequate Protection Liens provided for in paragraph 6 above shall include "any diminution of Cash Collateral" and the Lender reserves all rights to contest such assertions.

11.     Nothing in the Motion or in this Interim Order shall prejudice the rights of the Lender to (a) oppose entry of any further Order extending the use of Cash Collateral beyond December 31, 2010, (b) seek additional adequate protection, (c) file a motion for relief from the automatic stay, (d) seek to terminate the use of cash collateral, or (e) constitute an admission or acknowledgement of the Lender, for purposes of any subsequent hearing or otherwise, that the adequate protection provided under this Interim Order will suffice as adequate protection under any further Order.

12.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     A copy of this Order shall be served by Debtor's counsel upon (i) the Office of the United States Trustee, (ii) the parties included on the Debtor's list of twenty (20) largest unsecured creditors, (iii) all entities that have filed a request for service of filings in the chapter 11 case pursuant to Bankruptcy Rule 2002, and (iv) counsel for Lender.

PHIL1 1172772-1

16.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: December 30 th, 2010

Stephen Raslavich
Chief United States Bankruptcy Judge

PHL1 1172772-1

## EXHIBIT 1

**BUDGET**

## November 2010 Budget
## 400 Walnut Associates, LP

| INCOME | | |
|---|---:|---:|
| Rental Income (11/1/10 billing) | 91,223.00 | |
| Less: Last month's rent pd at lease signing | (1,450.00) | |
| Utility Reimbursement Income | 5,500.00 | |
| GROSS INCOME | | 95,273.00 |

| EXPENSES | | |
|---|---:|---:|
| **GENERAL & ADMINISTRATIVE** | | |
| Payroll, benefits, taxes | 5,283.00 | |
| Legal / Accounting Fees/Professional | - | |
| Bldg Insurance | 2,004.00 | |
| Advertising | 679.00 | |
| Misc and Parking | 40.00 | |
| Commission | 1,000.00 | |
| Bank Fees | 50.00 | |
| United States Trustee Fee | - | |
| | | 9,056.00 |
| **PROPERTY MANAGEMENT** | | |
| Payroll, benefits, taxes | 7,362.45 | |
| Electric | 6,000.00 | |
| Steam | 1,500.00 | |
| Utilities (gas, water, sewer) | 3,300.00 | |
| Utilitiy Deposit | - | |
| Management Fee | 3,648.92 | |
| Security Guards (Avg $2616. x 4 wks) | 10,464.00 | |
| Fire Alarms - annual monitoring | 846.00 | |
| Sprinkler Inspection | - | |
| Cleaning Supplies | 150.00 | |
| Carpet Cleaning | 400.00 | |
| Carpet | - | |
| Exterminating | 101.00 | |
| Trash Removal | 616.00 | |
| Elevator - Contract | 1,492.00 | |
| 1 Elevator - Other (trash/freight total $18000) | 9,000.00 | |
| HVAC Maintenance | 1,600.00 | |
| Electrical Repairs | 600.00 | |
| Telephone | 156.00 | |
| Appliance Repair | 100.00 | |
| Building Maintenance & Repairs | 4,000.00 | |
| 2 Window Cleaning/Anchor placement | 8,000.00 | |
| Painting & Supplies | 100.00 | |
| | | 59,436.37 |
| **TOTAL EXPENSES** | | 68,492.37 |
| **NET INCOME** | | 26,780.63 |

FN 1: The elevator expense is a downpayment for the modifications required to the elevator and was originally budgeted for September but as of 10/25/10 has not been paid because the modifications are pending state approval. The total cost for the elevator modifications is $18,356. Upon reciept of state approval, this expenditure will be paid and the work on the modifications will commence.

FN 2: The window cleaning expense was budgeted for September but the work has not yet been performed and therefore carried over to the next budget period. Have to install roof anchors per OSHA rules.

# December 2010 Budget
## 400 Walnut Associates, LP

### INCOME

| | | |
|---|---:|---:|
| Rental Income (estimated) | 93,609.00 | |
| Less: Last month's rent pd at lease signing | - | |
| Utility Reimbursement Income | 5,500.00 | |
| GROSS INCOME | | 99,109.00 |

### EXPENSES

#### GENERAL & ADMINISTRATIVE

| | | |
|---|---:|---:|
| Payroll, benefits, taxes | 6,604.00 | |
| Legal / Accounting Fees/Professional | - | |
| Bldg Insurance | 2,004.00 | |
| Advertising | 679.00 | |
| Misc and Parking | 40.00 | |
| Commission | 1,000.00 | |
| Bank Fees | 50.00 | |
| United States Trustee Fee | - | |
| | | 10,377.00 |

#### PROPERTY MANAGEMENT

| | | |
|---|---:|---:|
| Payroll, benefits, taxes | 9,204.00 | |
| Electric | 6,000.00 | |
| Steam | 4,500.00 | |
| Utilities (gas, water, sewer) | 3,300.00 | |
| Utilitiy Deposit | - | |
| Management Fee | 3,744.36 | |
| Security Guards (Avg $2616. x 5 wks) | 13,080.00 | |
| Fire Alarms - annual monitoring | 846.00 | |
| Sprinkler Inspection | - | |
| Cleaning Supplies | 150.00 | |
| Carpet Cleaning | 400.00 | |
| Carpet | - | |
| Exterminating | 101.00 | |
| Trash Removal | 616.00 | |
| Elevator - Contract | 1,492.00 | |
| 1 Elevator - Other (trash/freight total $18000) | 9,000.00 | |
| HVAC Maintenance | 1,600.00 | |
| Electrical Repairs | 600.00 | |
| Telephone | 156.00 | |
| Appliance Repair | 100.00 | |
| Building Maintenance & Repairs | 4,000.00 | |
| Painting & Supplies | 100.00 | |
| | | 58,989.36 |

| | | |
|---|---|---:|
| TOTAL EXPENSES | | 69,366.36 |
| NET INCOME | | 29,742.64 |

FN 1: The elevator expense is a downpayment for the modifications required to the elevator and was originally budgeted for September but as of 10/25/10 has not been paid because the modifications are pending state approval. The total cost for the elevator modifications is $18,356. Upon reciept of state approval, this expenditure will be paid and the work on the modifications will commence. This would be final balance payment.