IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| 400 WALNUT ASSOCIATES, L.P. | BANKRUPTCY NO. 10-16094(SR) |
| Debtor | |

**MOTION OF DEBTOR FOR THIRD EXTENSION OF EXCLUSIVE PERIOD
TO FILE PLAN AND TO SOLICIT ACCEPTANCES AND REJECTIONS**

400 Walnut Associates, L.P. (the "Debtor"), by and through its counsel, Maschmeyer Karalis P.C., hereby moves this Honorable Court for the entry of an Order further extending the Debtor's exclusive period to file a plan and to solicit acceptances and rejections (the "Motion"), and in support thereof, respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(a) and (b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 1121.

**BACKGROUND**

2. On July 23, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code").

3. Since the Petition Date, the Debtor has continued to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4.  A detailed description of the Debtor's business and the facts precipitating the filing of the Debtor's Chapter 11 proceeding is set forth in the Certification of John Turchi in support of the Debtor's various "First Day Motions". Those facts, to the extent relevant, are incorporated herein by reference.

5.  No trustee or examiner has been appointed in this case. No official committee of unsecured creditors has been appointed in this case.

6.  On the Petition Date, the Debtor filed a Motion For An Order (I) Pursuant to 11 U.S.C. §363(c) and Fed. R. Bankr. P. 4001, authorizing Debtor to Use Cash Collateral and Provide Adequate Protection and (II) Granting Other Related Relief (the "Cash Collateral Motion") [Docket No. 5].

7.  On September 30, 2010, 4th Walnut Associates, L.P. ("4th Walnut") filed an Objection to the Debtor's Motion for Use of Cash Collateral and asserted a Cross Motion to Prohibit Use of Rents, To Compel Debtor to Segregate Rents and For an Accounting (the "Objection and Cross Motion") and Notice of Hearing, which required answers to be filed on or before October 15, 2010 and scheduled the hearing date on the Cross-Motion for October 28, 2010 [Docket No. 81].

8.  On October 15, 2010, the Debtor filed its Response and Affirmative Defenses to the Objection and Cross Motion [Docket No. 90] and on December 9, 2010, the Court held a hearing regarding the continued use of cash collateral in connection with the Cash Collateral Motion and the Objection and Cross Motion.

9.  In accordance with 11 U.S.C. § 1121, the Debtor has the exclusive right for a period of one hundred and twenty (120) days after the Petition Date to file a plan and one

hundred and eighty (180) days after the Petition Date in which it may exclusively solicit acceptances or rejections of its plan.

10. The Debtor's exclusive right to file a plan was scheduled to expire on November 21, 2010 and the Debtor's exclusive right to solicit acceptances or rejections was scheduled to expire on January 20, 2011.

11. On November 1, 2010, the Debtor filed a motion to extend its exclusive right to file a plan to February 19, 2011 and the exclusive right to solicit acceptances or rejections thereto to April 20, 2011.

12. On November 18, 2010, the Court entered an Order whereby the Debtor's exclusive right to file a plan was extended to January 31, 2011 and the exclusive right to solicit acceptances or rejections thereto was extended to March 31, 2011.

13. On January 27, 2011, the Debtor filed a second motion to extend its exclusive right to file a plan to April 1, 2011 and the exclusive right to solicit acceptances or rejections thereto to May 30, 2011.

14. On January 31, 2011, the Court entered an Order whereby the Debtor's exclusive right to file a plan was extended to April 1, 2011 and the exclusive right to solicit acceptances or rejections thereto was extended to May 30, 2011.

15. On October 21, 2010, the Debtor filed its Plan of Reorganization (the "Plan") [Docket No. 98] and its Disclosure Statement with Respect to the Plan [Docket No. 99]. The hearing on approval of the Disclosure Statement was scheduled for December 9, 2010.

16. Sunlight Electrical Contracting Co., Inc. and 4th Walnut filed objections to the Disclosure Statement.

17. In light of the objections that were filed to the Disclosure Statement, the Debtor filed an Amended Plan of Reorganization dated December 7, 2010 (the "Amended Plan") [Docket No. 139] and an Amended Disclosure Statement dated December 7, 2010 with Respect to the Amended Plan (the "Amended Disclosure Statement") [Docket No. 140]. The Amended Plan and the Amended Disclosure Statement were filed within the Debtor's exclusive period.

18. At the December 9, 2010 hearings held on the Cash Collateral Motion, the Objection and Cross Motion, and the approval of the Amended Disclosure Statement, the Court deferred any further hearings on the Amended Disclosure Statement until such time as the Court had rendered a decision as to the Debtor's interest in the rents generated by the property owned by the Debtor.

19. On February 22, 2011, the Court issued an Order inter alia, that denied the Objection and Cross Motion and held that the Debtor had an interest in the rents generated by its real property.

20. On February 24, 2011, the Debtor and 4th Walnut agreed to the further continued use of cash collateral through the period ending March 31, 2011, the scheduling of a hearing to consider the adequacy of the Amended Disclosure Statement for March 22, 2011 and a deadline for any objections to the Amended Disclosure Statement of March 17, 2011.

21. On March 3, 2011, the Court with the consent of the parties entered a scheduling order [Doc. No. 211] requiring any objections to the Amended Disclosure Statement be filed on or before March 17, 2011 and scheduling the hearing to consider the adequacy of the Amended Disclosure Statement for March 22, 2011.

## RELIEF REQUESTED

22. The hearing to consider the adequacy of the Amended Disclosure Statement is scheduled for March 22, 2011. The Debtor will not know until later this month, what objections, if any, there will be to the Amended Disclosure Statement, and what, if any, further amendments may be required by the Court.

23. Since the present exclusive period to file a further Amended Plan is scheduled to expire on April 1, 2011, the Debtor is filing the instant Motion to insure that in the event it has to further amend the Amended Plan and/or the Amended Disclosure Statement, the Debtor has the additional time required to file such amended documents and that the exclusive period is extended accordingly.

24. The Debtor is requesting that its exclusive period to file a plan be extended for an additional period of sixty (60) days from April 1, 2011 to June 1, 2011 and the exclusive right to solicit acceptances or rejections be extended from May 30, 2011 to July 29, 2011.

25. The Debtor believes that, if the exclusive period is extended as requested by this Motion, the interests of the Debtor and its estate will be protected.

26. The Debtor believes that if the exclusive period is not extended as requested, the Debtor's efforts to reorganize will be compromised.

27. No harm or prejudice will inure to the creditors of the Debtor if the exclusive period is extended.

**[INTENTIONALLY LEFT BLANK]**

**WHEREFORE,** the Debtor respectfully requests that this Honorable Court (i) enter an Order granting the relief requested by this Motion and (ii) grant such other and further relief as this Court may deem just and proper.

**Respectfully submitted,**

**MASCHMEYER KARALIS P.C.**

By: /s/ Robert W. Seitzer
ARIS J. KARALIS
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
Attorneys for the Debtor

Dated: March 7, 2011