UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| 400 WALNUT ASSOCIATES, L.P. | BANKRUPTCY NO. 10-16094(SR) |
| Debtor | |

REPORT OF PLAN VOTING PREPARED IN CONNECTION WITH THE
AMENDED PLAN OF REORGANIZATION PROPOSED BY
400 WALNUT ASSOCIATES, L.P. DATED APRIL 7, 2011

MASCHMEYER KARALIS P.C.
Aris J. Karalis, Esquire
1900 Spruce Street
Philadelphia, PA 19103
215-546-4500
Attorneys for the Debtor

Dated: June 16, 2011

## REPORT OF PLAN VOTING

This is the Report of Plan Voting prepared by Maschmeyer Karalis P.C., for the Amended Plan of Reorganization dated April 7, 2011 (the "Plan") proposed by 400 Walnut Associates, L.P. (the "Debtor").

1. Pursuant to a Court Order dated May 5, 2011 the Plan, Disclosure Statement and Voting Materials were transmitted by Debtor's counsel to all creditors and parties in interest on May 6, 2011.

2. The following is a summary of the voting responses of the various classes identified in the Plan from ballots received:

    a. **Class 1. Secured Claim of 4th Walnut Associates, L.P.** 4th Walnut Associates, L.P., the only creditor in this Class, submitted a rejecting ballot. However, this ballot is not counted for the reasons provided in Section 7(a) of this Report of Plan Voting. Accordingly, this Class, which is impaired, has rejected the Plan.

    b. **Class 2. Secured Claim of RAIT Partnership, L.P.** RAIT Partnership, L.P., the only creditor in this Class, submitted an accepting ballot. Accordingly, this Class, which is impaired, has accepted the Plan.

    c. **Class 3. Priority Non-Tax Claims.** Pursuant to §1126(f) of the Bankruptcy Code, this Class is not impaired under the Plan and is conclusively presumed to have accepted the Plan, and solicitation of acceptances with respect to such Class from the holders of claims of such Class is not required. Accordingly, this Class is deemed to have accepted the Plan.

    d. **Class 4. General Unsecured Claims.** Eight (8) ballots were received from holders of general unsecured claims accepting the Plan, which represent 100% of the ballots received. The accepting ballots cast represent claims totaling $43,031.21. Accordingly,

all the ballots cast voted to accept the Plan. Therefore, Class 4, which is impaired, has accepted the Plan.

  e. **Class 5. <u>Affiliate Unsecured Claims</u>.** Four (4) ballots were received from holders of affiliate unsecured claims accepting the Plan, which represent 100% of the ballots received. The accepting ballots voted claims totaling $4,276,066, which represent 100% of the dollars voted. Accordingly, all the ballots cast voted to accept the Plan. Therefore, Class 5, which is impaired, has accepted the Plan.

  f. **Class 6. <u>Limited Partner Interests</u>.** John J. Turchi, Jr. as Limited Partner, and 400 Walnut Greentree Associates, as Limited Partner, the only two interest holders under this Class, submitted accepting ballots. Accordingly, this Class, which is impaired, has accepted the Plan.

  g. **Class 7. <u>General Partner Interests</u>.** 400 Walnut Corporation, the General Partner and the only creditor in this Class, submitted an accepting ballot. Accordingly, this Class, which is impaired, has accepted the Plan.

3. On the basis of the foregoing, the Debtor reports that five (5) classes have voted to accept the Plan. Classes 2, 4, 5, 6 and 7, which are impaired, voted to accept the Plan. Class 3, which is not impaired, is deemed to have accepted the Plan pursuant to §1126(f) of the Bankruptcy Code. Therefore, in total, six (6) classes have accepted the Plan.

4. One class is deemed to have rejected the Plan. No ballots entitled to be counted were received under Class 1 and therefore Class 1 has not accepted the Plan.

5. Attached hereto as Exhibit "A" is a summary of the ballots received under the Plan.

6. Copies of the ballots received and counted are attached hereto and made a part

hereof as Exhibit "B".

    7.    The following ballots were not counted:

    a.    4th Walnut Associates L.P. ("4th Walnut") cast a Class 1 rejecting ballot in the amount of $13,453,723.52. 4th Walnut Associates filed a proof of claim on October 15, 2010, as amended [Claim No. 7-3] asserting a secured claim in the amount of $15,267,261, plus attorneys fees and costs (the "4th Walnut Secured Claim"). On December 8, 2010, the Debtor filed a Complaint against 4th Walnut, et al., initiating an adversary proceeding number 10-00456 (SR) asserting various claims against 4th Walnut and other defendants and objecting to the 4th Walnut Secured Claim. Since the Debtor objected to the 4th Walnut Secured Claim, pursuant to 11 U.S.C. 502(a), the 4th Walnut Secured Claim is not allowed. Since 4th Walnut does not hold an allowed claim, pursuant to 11 U.S.C. 1126(a), 4th Walnut is not entitled to accept or reject the Plan. For these reasons, this ballot was not counted.

    b.    4th Walnut also cast a Class 4 rejecting ballot in the amount of $1,813,537.49. Since 4th Walnut does not hold an allowed claim, pursuant to 11 U.S.C. 1126(a), 4th Walnut is not entitled to accept or reject the Plan. For these reasons, this ballot was not counted.

    c.    BVF Construction Co., Inc. ("BVF") cast a Class 4 rejecting ballot in the amount of $438,562.72. BVF filed a proof of claim on October 8, 2010 [Claim No. 5-1] asserting an unsecured claim in the amount of $438,562.72 (the "BVF Claim"). On May 6, 2011, the Debtor filed an Objection to the BVF Claim. Since the Debtor objected to the BVF Claim,, pursuant to 11 U.S.C. 502(a), the BVF Claim is not allowed. Since BVF does not hold an allowed claim, pursuant to 11 U.S.C. 1126(a), BVF is not entitled to accept or reject the Plan. For these reasons, this ballot was not counted.

-4-

8. A copy of the ballots received but not counted are attached hereto and made a part hereof as Exhibit "C".

9. Inclusion of the ballots in this Report of Plan Voting shall not be deemed an admission of the accuracy or validity of the claim of any creditor nor a waiver of the right to object to any proof of claim filed in this case.

10. The Debtor requests that this Court confirm the Plan pursuant to 11 U.S.C. §1129(b) of the Bankruptcy Code.

**Respectfully submitted,**

**MASCHMEYER KARALIS P.C.**

By: ___/s/ Aris J. Karalis___
ARIS J. KARALIS
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
Attorneys for the Debtor

**Date: June 16, 2011**