### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                            : CHAPTER 11
                                                  :
     400 WALNUT ASSOCIATES LP                     :
                                                  :
                    DEBTOR(S)                     : BANKRUPTCY NO.10-16094   SR

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

Before the Court is 4th Walnut's Motion for Reconsideration of this Court's ruling

on the Debtor's Motion for Permission to Use Cash Collateral.  *See In re 400 Walnut*

*Associates, L.P.*, 2011 WL 915328 (Bankr.E.D.Pa. Feb. 22, 2011) (holding that rents

generated from Debtor's property constituted property of the estate and, therefore, cash

collateral).  The Debtor opposes that request.  The matter was heard on April 28 and

May 19, 2011.  The Court next took the motion under advisement.  For the reasons

which follow, the Motion will be denied.

*Background*

The Motion is styled as one for reconsideration.  4th Walnut explains that the

Court erred in failing to address one of its arguments.  However, the Movant has all but

conceded that the untimeliness of its motion precluded reconsideration.[1]  Thereupon,

the Movant recharacterized the legal basis for its request as one seeking *relief* from a

---

[1]*See* Transcript of Hearing, 5/19/11 at 4.

judgment or order under F.R.C.P 60(b).[2] The parties were given an opportunity to brief

the issue of whether legal error could be the basis for relief under Rule 60.  This point

would be argued at the May 12, 2011 hearing.

*The Arguments*

4th Walnut makes two argument in support of its request for relief: first, that legal

error may constitute a mistake for purposes of Rule 60(b); and second, that other

circumstances make it just to grant 4th Walnut relief from the Court's cash collateral

ruling.  *See generally* 4th Walnut's Reply Brief.

The Debtor's response is that legal error does not constitute mistake or

inadvertence warranting relief from a judgment.  Debtor's Brief in Support of Motion to

Strike, 8-14.  Neither would legal error constitute an exceptional circumstance justifying

the extraordinary relief of setting aside a judgment.  *Id*. 14-18.

*Standard for Relief*
*from Judgment*

Rule 60 provides, in pertinent part, that "on motion and just terms, the court may

relieve a party or its legal representative from a final judgment, order or proceeding for

… mistake, inadvertence, surprise or excusable neglect ... or for any other reason that

justifies relief." F.R.C.P 60(b)(1), (6).  A Rule 60(b) motion forces the court to balance

the concerns of finality and justice.  *Betterbox Communications Ltd. v. BB*

*Technologies, Inc.*, 300 F.3d 325, 338 (3d Cir.2002).  Courts will grant relief under Rule

60(b) only in exceptional circumstances*. Vecchione v. Wohlgemuth,* 558 F.2d 150, 159

(3d Cir. 1977).  The Court's ruling on such a request is reviewed on appeal for an abuse

---

[2]Made applicable by Bankruptcy Rule 9024.

of discretion.  *Curran v. Howmedica Osteonics*, 2011 WL 1555087, at *1 (3d Cir. Apr.

26, 2011)

*Mistake*

The movant's first argument in support of relief is based on what it perceives as

a mistake on the Court's part.  4th Walnut explains that the Court erred in failing to

consider the effect of the termination of the Master Lease between it and the Debtor.

This argument is based on the Subordination, Non-Disturbance and Attornment

Agreement (SNDA).[3]  That document established privity as between the lender (4th

Walnut) and the Debtor's tenant (Greentree) under the Master Lease.  Once the Debtor

defaulted, the argument goes on, the Master Lease became a direct lease as between

4th Walnut and Greentree.  The effect of that is to have divested the Debtor of any

interest in the rents.  4th Walnut's Reply Brief, 2-3

4th Walnut relies on the following provisions of the SNDA:

> 4.      Lender's Exercise of Remedies: Non-Disturbance.
> Subject to Section 4(c) hereof, provided (a) the Master Lessee
> complies with this Agreement, (b) the Master Lessee is not in
> default under the terms of the Master Lease and no event has
> occurred which, with the passage of time or the giving of notice or
> both, would constitute a default under the Master Lease, (c) the
> Master Lease is in full force and effect, both as of the date the
> Lender files a lis pendens, or otherwise commences a Transfer,
> and at all times thereafter, and (d) the Master Lessee shall be in
> possession of the Property, no default under the Mortgage and
> Transfer will disturb the Master Lessee's possession under the
> Master Lease and the Master Lease will not be affected or
> terminated thereby, and notwithstanding any such foreclosure or
> other Transfer of the Property to a Transferee, *the Master Lease
> will be recognized as a direct lease from Transferee to the Master
> Lessee upon the Transfer* for the balance of the term thereof.

---

[3]4th Walnut's Exhibit, L-6

SNDA, L-6, § 4(a) (emphasis added).  A "Transfer" is defined as

> (a) the *institution of any foreclosure*, trustee's sale or other
> like proceeding, (b) the appointment of a receiver for Owner
> or the Property, (c) the *exercise of rights to collect rents*
> under the Mortgage or an assignment of rents, (d) the
> recording by Lender or its successor or assignee of a deed
> in lieu of foreclosure for the property, or (e) any transfer or
> abandonment of possession of the Property to the Lender or
> its successor or assigns in connection with any proceedings
> affecting Owner under the Bankruptcy Code, 11 U.S.C. §
> 101, et seq.

*Id*., § 1 (emphasis added).

A "transfer" which would transform the Master Lease into a direct lease as between 4th Walnut and Greentree is defined to take any of five forms.  Of those five, 4th Walnut contends that a transfer occurred in either of two ways: by Sovereign's foreclosure action in November 2009 or by 4th Walnut's exercise of its rights under the Assignment of Rents in July 2010.  4th Walnut's Brief in Support of Motion for Reconsideration, 2-3.  The effect of either of those events is to divest the Debtor of any interest in the rents.  It is that argument which 4th Walnut believes the Court failed to consider.

The Court begins with the argument that the foreclosure triggered a transfer. While the record reflects that Sovereign commenced a foreclosure action, it likewise demonstrates that Sovereign decided not to prosecute that action after having met with the Debtor's representative in January 2010.  From that, the Court concludes, a transfer has not occurred.

4th Walnut's second example of a transfer; i.e., that it exercised its rights to the

rents, is a more complicated question.  The record reflects that 4th Walnut demanded

the rents in July 2010.  Its July 2 letters to the Debtor and Greentree informed them

both that the Debtor's license to collect the rents was revoked; that future rents should

go directly to 4th Walnut; and that the delinquent rent balance must be cured by July 16,

2010.  The upshot of this was that the Master Lease was henceforth a direct lease as

between only 4th Walnut and Greentree.  That alone, it says, effectively divested the

Debtor of any rights to the rents.  4th Walnut's Brief, 2-3.

Moreover, 4th Walnut adds, it subsequently took action which terminated

Greentree's interest as well.  After Greentree failed to cure the delinquent rent by the

July 16 deadline, 4th Walnut sent another letter to Greentree.  Its July 22 letter notified

Greentree that the Master Lease was terminated altogether.  From this, 4th Walnut

concludes, neither Debtor nor Greentree retained any interest in the rents after July 22,

2010.  As this action was taken prior to the date Debtor commenced this bankruptcy

case (July 23, 2010), any interest that the Debtor would have otherwise had in the rents

would *not* become property of the estate.  *Id*., 3-4.

The operative premise of 4th Walnut's argument is that a "transfer" as defined by

the SNDA occurred.  That transfer, in turn, placed 4th Walnut in direct privity with

Greentree and divested Debtor of any interest in the Master Lease or the rents.  For a

transfer to have occurred, however, the SNDA requires 4th Walnut to have "exercised its

rights to collect the rents under the mortgage or assignment of rents." SNDA, § 1. The

February 22 Opinion found that 4th Walnut had failed to do just that: 4th Walnut had not

enforced its interest in the rents prior to bankruptcy.  *See* 2011 WL 915328, at *6.

5

While it sent demand letters to the Debtor and Greentree, it did not demand rent from

the subtenants, the ultimate source of the rents, *until after the case was commenced*.

*Id.*  What must necessarily follow is that a "transfer" as defined under the SNDA had not

yet occurred.  Accordingly, contrary to what is alleged here, the Court *did address* the

effect of the July 22 termination of the Master Lease upon the Debtor's rights in the

rents.  It specifically found it to have no effect.  *Id.*

But even assuming, *arguendo*, that this Court is incorrect and that 4th Walnut

terminated the Debtor's interest in the rents as a direct result of the July 22 letter to

Greentree, that is not the stuff of a Rule 60(b)(1) request.  If, as 4th Walnut maintains,

the Court erred in not finding that Debtor's interest in the rents terminated as of July 22,

then it was a *legal* error of which the Court is guilty.  Legal error, if not challenged under

Rule 59, is within the province of appeals.  Indeed, Rule 60(b) is not a substitute for an

appeal.  *See Martinez-McBean v. Gov't of the Virgin Islands*, 562 F.2d 908, 911 (3d Cir.

1977).  The Third Circuit, however, has never expressly ruled on the question of

whether legal error may constitute a mistake for purposes of Rule 60(b)(1) relief.  *See*

*Page v. Schweiker*, 786 F.2d 150, 155 (3d Cir. 1986) (noting prior holding in *Martinez,*

*supra*, that legal error may not be raised as basis for relief under Rule 60(b)(6)).  That

being said, relatively recent decisions from our Court of Appeals suggest that the

argument is not well-made in the Rule 60(b)(1) context.  *See James v. V.I. Water &*

*Power Author.*, 119 Fed.Appx. 397, 401 (3d Cir. Jan. 12, 2005) (not precedential)

(stating that "[t]he language in *Fiorelli*[4] and *Evans*[5] with respect to legal error and Rule

---

[4]*United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir.2003) (remanding incarcerated
(continued...)

60(b), however, appears to foreclose [the] argument … that legal error could be

addressed under Rule 60(b)(1)"). Because 4th Walnut's request for relief under Rule

60(b)(1) is based on legal error, it must be denied.

*Other Justifying
Circumstances*

Alternatively, if the Court were not to grant relief based on a finding of mistake,

then 4th Walnut maintains that other circumstances justify relief. Under Rule 60(b)(6),

relief may be granted upon a showing of exceptional circumstances. *Coltec Industries,*

*Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002).

As for grounds for relief, 4th Walnut asserts prejudice. It explains that any appeal

of the February 22 Opinion would not be ruled upon until long after this bankruptcy is

completed. 4th Walnut's Reply, 8. Thus, it concludes, fairness requires that its request

be granted now. *Id*. The Court rejects that argument for two reasons: first, it does not

necessarily accept the premise that an appeal will be lengthy. The possibility that the

bankruptcy case will conclude before the rent issue is resolved on appeal is possible,

but a claim of certainty on that score is speculative. Moreover, that argument still has

an insoluble problem; to wit, should this Court grant the relief based on legal error, then

it would be arrogating appellate jurisdiction. That is simply impermissible. *See Pridgen*

*v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (quoting *Martinez-McBean, supra*, 562

---

[4](...continued)
petitioner's rule 59(e) motion for determination of timeliness and observing that legal error does
not warrant relief under Rule 60(b));

[5]*Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988) (explaining that legal error without
more cannot justify granting a Rule 60(b) motion, citing *Martinez, supra*, 562 F.2d at 912)

F.2d at 912) (holding that legal error does not justify the granting of relief under Rule

60(b)(6)).  The motion does not allege any exceptional circumstance which might justify

such relief.

Aside from its substantive weakness, the request under subdivision (b)(6) is

otherwise precluded.  The remedy under Rule 60(b)(6) is mutually exclusive of the other

five bases of relief under Rule 60(b).  In other words, this "catch-all" provision is

unavailable if it based on one or more of the reasons already set forth in the previous

five subparagraphs.  *See FDIC v. Alker*, 234 F.2d 113, 116-17 & n.5 (3d Cir. 1956);

*Shenkan v. Potter*, 2006 WL 840340, at *2 (W.D.Pa. Mar. 27, 2006); *see* 11 *Fed. Prac.*

*& Proc. Civ.* § 2864 (2d ed.) ("These cases also certainly seemed to establish that

clause (6) and the first five clauses are mutually exclusive and that relief cannot be had

under clause (6) if it would have been available under the earlier clauses.")  In this

case, 4th Walnut has already argued, *supra*, that the Court committed a mistake in

rendering what it argues is an erroneous ruling.  Once argued as an independent basis

for Rule 60(b)(1) relief, it may not be offered, in the alternative, as an example of

extraordinary circumstances which would justify relief.

*Summary*

4th Walnut's Motion comes too late for reconsideration under Rule 59(e) and

without a basis for relief under Rule 60(b).  Accordingly, the Motion will be denied.

An appropriate Order follows.


By the Court:


_____

Stephen Raslavich
Chief U.S. Bankruptcy Judge


Dated: June 23, 2011