UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____ :
                                                        :
In re:                                              :
                                                        :         Chapter 11
400 WALNUT ASSOCIATES, L.P.   :         Case No. 10-16094-SR
Debtor.                                         :
_____ :

**OBJECTION OF DEBTOR'S AMENDED PLAN OF REORGANIZATION
BY THE UNITED STATES TRUSTEE**

Roberta A. DeAngelis, United States trustee for Region 3 ("UST"), by and through her counsel, files this objection to the Debtor's Amended Plan of Reorganization and in support hereof respectfully represents as follows:

**INTRODUCTION**

1. This Court has jurisdiction to hear this motion under 28 U.S.C. § 157 and applicable order(s) entered by the United States District Court for the Eastern District of Pennsylvania.

2. The UST has standing to be heard with regard to this motion under 11 U.S.C. § 307.

3. Debtor seeks approval of a proposed Amended Plan of Reorganization filed at on April 7, 2011.

4. The Plan provides at Article 1.17:

> 1.17. <u>Disbursing Agent</u>: The Reorganized Debtor.

5.  At Article 7.2 the Plan provides:

>   7.2. Disbursing Agent Maschmeyer Karalis, P.C. shall act as Disbursing Agent solely for the funds to be advanced by the Debtor and required to be disbursed on the Effective Date under the Plan to holders of Allowed Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, and all Fee Claims incurred through the Effective Date.  The Debtor will pay directly all Fee Claims, all Administrative Claims and all installments that come due after the Effective Date.  The Disbursing Agent shall be empowered to : (1) take all steps and execute all instruments and documents necessary to make distribution to holders of Allowed Claims under the Plan; (2) calculate all distributions to Creditors and issue checks from the funds advanced by the Debtor to make the distributions contemplated by the Plan; (3) if needed, employ or retain professionals to represent it with respect to its responsibilities; (4) file a final report with the Court after all distributions have been made under the Plan; and (5) pay the fees and expenses of the Disbursing Agent and the Debtor's professionals.  The duties and responsibilities of the Disbursing Agent shall automatically terminate after the Disbursing Agent files its final report of the Distributions with the Court.  The Disbursing Agent shall have no personal liability for serving in the fiduciary capacity of Disbursing Agent, except for wilful misconduct or gross negligence.  The disbursing Agent may continue to serve as counsel for the Debtor and the Reorganized Debtor concurrent with it acting as the Disbursing Agent.

6.  The aforesaid two provision are inapposite.  Maschmeyer Karalis, P.C. can not now be appointed as the disbursing agent as the Disclosure Statement failed to comply with Local Rule 3016-1(e), nor does the plan provide the requisite information.  Moreover, the UST objects to the firm serving without bond.

7.  Article 7.3 of the proposed Plan provides in pertinent part:

>   "Turchi reserves the right to make advances to the Debtor and/or the Reorganized Debtor, as determined in his sole and absolute discretion. Advances made by Turchi shall represent "new value contributions."

And further provides in pertinent part:

>   No distributions of any nature shall be paid to holders of Class 6 Interests or Class 7 Interests until Turchi has been repaid all monies that he his agents or affiliates advances under this Plan.  Any advances being made by Turchi, his agents or affiliates under this Plan shall have a priority over any and all distributions that the Debtor may otherwise make to holders of

      Class 6 Interests and/or Class Interests until Turchi, his agents or affiliates have been paid in full.

Given that the amount and timing of contributions and repayments are future unknowns, there is no basis for the Court to determine whether such constitute a "new value contribution" at time of confirmation.

  7. The proposed Plan's provisions contained in Article 3 establish releases for not only the reorganized Debtor, but also the general partner, any guarantors and any other person of liability on such claims. The Debtor does not provide any basis or consideration for the granting of such third party releases.

  8. Generally, the provisions of the Plan do not demonstrate that it is feasible. 11 U.S.C. §1129(a)(11). Debtor is left to the its proofs of same at time of hearing.

  For the foregoing reasons, it is respectfully submitted that Debtor's proposed Plan can not be confirmed as presented.

        Respectfully submitted,

        **ROBERTA A. DeANGELIS**
        **UNITED STATES TRUSTEE**
        **Region 3**

      **BY:** */s/ George M. Conway*
        George M. Conway, Esquire
        Trial Attorney
        833 Chestnut Street, Suite 500
        Philadelphia, PA 19107
        Tel: 215-597-4411

Date: July 18, 2011